IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANGELA SALAZAR o/b/o**
**J.M. a minor child**

    **Plaintiff,**

**vs.**	Case No. 1:21-CV-00751-KK-JHR

**RIO RANCHO PUBLIC SCHOOLS**
**BOARD OF EDUCATION,**
**GEORGE ARCHULETA in his**
**individual capacity, and JOHN**
**DOE #1 in his individual capacity.**

    **Defendants.**

## RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION'S ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Rio Rancho Public Schools Board of Education ("RRPS Defendants"), by and through counsel, Jerry A. Walz, Walz and Associates, P.C., and hereby answer Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.	Upon information and belief RRPS Defendants admit paragraph 1.

2.	Paragraph 2 sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

### PARTIES

3.	RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 3 and therefore deny same.

4. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 4 and therefore deny same.

5. RRPS Defendants admit paragraph 5.

6. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 6 and therefore deny same.

7. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 7 and therefore deny same.

## STATEMENT OF FACTS

8. RRPS Defendants admit that V. Sue Cleveland High School is located at 4800 Cleveland Heights Rd. NE, Rio Rancho, NM 87144. RRPS Defendants are without sufficient information or belief to admit or deny the remaining allegations of paragraph 8 and therefore deny same.

9. RRPS Defendants deny paragraph 9.

10. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 10 and therefore deny same.

11. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 11 and therefore deny same.

12. RRPS Defendants deny paragraph 12.

13. RRPS Defendants deny paragraph 13.

14. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 14 and therefore deny same.

15. RRPS Defendants deny paragraph 15.

16. RRPS Defendants deny paragraph 16.

17. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 17 and therefore deny same.

18. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 18 and therefore deny same.

19. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 19 and therefore deny same.

20. Paragraph 20 sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

21. RRPS Defendants deny paragraph 21.

22. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 22 and therefore deny same.

23. RRPS Defendants deny paragraph 23.

24. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 24 and therefore deny same.

25. RRPS Defendants are without sufficient information or belief to admit or deny the allegation that "there was no legitimate reason to observe or monitor J.M. urinating" as stated in paragraph 25 and therefore deny same. The rest of paragraph 25 sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

26. Paragraph 26 sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

27. RRPS Defendants are without sufficient information or belief to admit or deny paragraph 27 and therefore deny same.

### COUNT I:
**Violation of 42 U.S.C. sec. 1983, Illegal Search and Seizure under the Fourth Amendment**
**Against Defendant Archuleta in his Individual Capacity**

28. RRPS Defendants incorporate their previous answers as if set out fully herein.

29. Paragraph 29 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

30. Paragraph 30 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

31. Paragraph 31 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

32. Paragraph 32 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

33. Paragraph 33 sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

34. RRPS Defendants deny paragraph 34.

35. Paragraph 35 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

36. Paragraph 36 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

37. RRPS Defendants deny paragraph 37.

38. RRPS Defendants deny paragraph 38.

## COUNT II:
### Violation of N.M. Tort Claims Act NMSA 1978 § 41-4-12
### Against George Archuleta and Rio Rancho Public Schools Board of Education

39. RRPS Defendants incorporate their previous answers as if set out fully herein.

40. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 40 and therefore deny same.

41. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 41 and therefore deny same.

42. Paragraph 42 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

43. Paragraph 43 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

44. Paragraph 44 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

45. RRPS Defendants deny paragraph 45.

### COUNT III:
### Violation of N.M. Tort Claims Act § 41-4-12
### Against Rio Rancho Public Schools Board of Education

46. RRPS Defendants incorporate their previous answers as if set out fully herein.

47. RRPS Defendants deny paragraph 47.

48. RRPS Defendants deny paragraph 48.

49. Paragraph 49 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

50. RRPS Defendants deny paragraph 50.

51. Paragraph 51 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

52. RRPS Defendants deny paragraph 52.

### COUNT IV:
### Violation of N.M. Tort Claims Act § 41-4-6
### Against George Archuleta and Rio Rancho Public Schools Board of Education

53. RRPS Defendants incorporate their previous answers as if set out fully herein.

54. RRPS Defendants admit paragraph 54.

55. Paragraph 55 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

56. Paragraph 56 of the complaint sets forth a legal conclusion to which an answer is generally not required. To the extent that an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

57. RRPS Defendants deny paragraph 57.

58. RRPS Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 58 and therefore deny same.

59. RRPS Defendants deny paragraph 59.

60. RRPS Defendants deny paragraph 60.

61. RRPS Defendants deny there was a failure to supervise Defendant Archuleta or take action against him. The remaining allegations of paragraph 61 set forth legal conclusions to which an answer is generally not required. To the extent an answer is required, RRPS Defendants are without sufficient information or belief to admit or deny and therefore deny same.

62. RRPS Defendants deny paragraph 62.

## JURY DEMAND

63. RRPS Defendants admit that Plaintiff demands a jury trial on all issues so triable.

## REQUEST FOR RELIEF

1. RRPS Defendants deny paragraph 1.

2. RRPS Defendants deny paragraph 2.

3. RRPS Defendants deny paragraph 3.

4. RRPS Defendants deny paragraph 4.

5. RRPS Defendants deny paragraph 5.

Further, any paragraph or allegation not specifically addressed in Plaintiff's Complaint is denied.

## AFFIRMATIVE DEFENSES

COME NOW Defendants Rio Rancho Public Schools Board of Education hereby assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were directly caused by the actions or inactions of third parties for whom RRPS Defendants are not responsible.

### SECOND AFFIRMATIVE DEFENSE

As to Plaintiff's negligence claims, Defendants Rio Rancho Public Schools and Board of Education state that if they are or were negligent, which is specifically denied, the negligence of all parties whether named or unnamed in this lawsuit should be compared and contrasted and negligence apportioned accordingly.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part pursuant to the New Mexico Tort Claims Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state any claim against RRPS Defendants for which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from the recovery of punitive damages and pre-judgment interest on their state tort claims pursuant to the Tort Claims Act.

WHEREFORE, the RRPS Defendants have answered Plaintiff's Complaint in full, have asserted their affirmative defenses, and respectfully request dismissal of Plaintiffs' claims against

the RRPS Defendants with prejudice, an award of attorney fees and costs, and such other relief as the Court deems just and as allowed by law.

Respectfully submitted:

**WALZ AND ASSOCIATES, P.C.**

 */s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.
*Attorney for RRPS Defendants*
133 Eubank Blvd. NE
Albuquerque, NM 87123
Phone: (505) 275-1800
jerryawalz@walzandassociates.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18th day of August, 2021, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

*/s/ Jerry A. Walz*
JERRY A. WALZ, ESQ.